UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASJOT NARULA and DESERT EAGLE PRODUCTIONS,<br><br>Plaintiffs,<br><br>v.<br><br>MAURICE JACKSON and HOLLYWOOD PRODUCTIONS,<br><br>Defendants. | CIVIL ACTION<br><br>No. 2:18-cv-00013<br><br>**COMPLAINT** |

Plaintiffs Jasjot Narula ("Narula") and Desert Eagle Productions ("Desert Eagle" and, together with Narula, "Plaintiffs"), by way of Complaint as against Defendants Maurice Jackson ("Jackson") and Hollywood Productions ("Hollywood" and, together with Jackson, "Defendants"), state as follows:

### INTRODUCTION

1. Plaintiffs allege that Defendants fraudulently induced them to enter into certain investment agreements, and that Defendants breached those agreements, converting Plaintiffs' investments and failing to make payments due under the agreements.

2. Plaintiffs allege that they are entitled to recover from Defendants their investments, the amounts payable under the agreements, punitive damages as a result of Defendants' willful and wanton actions, and an award of their attorneys' fees and costs incurred in prosecuting this action, all of the aforesaid exceeding the sum of Seventy-Five Thousand Dollars and No Cents ($75,000.00).

## THE PARTIES

3. Narula is an individual residing in the County of Nassau, State of New York.

4. Desert Eagle is a corporation domiciled in the State of New York.

5. Narula is the owner and sole member of Desert Eagle.

6. Jackson is an individual residing in the County of Cook, State of Illinois.

7. Hollywood is a "doing business as" name of, and is the alter ego of, Jackson.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. §1332(a)(1).

9. Venue is proper in this Court pursuant to the express terms of the two (2) written agreements at issue between the parties as described herein, each of which provides that any dispute arising from or concerning, referring, or relating to such agreements shall be litigated in the State courts or, if jurisdiction lies, the Federal courts, located in the State of New York, Nassau County.

## STATEMENT OF FACTS

10. In or around March 2017, Jackson approached and solicited Narula to engage in an investment agreement with Jackson.

11. Jackson's proposition was that Narula would invest a sum of money with Jackson, which sum would be used by Jackson in the course of producing a particular entertainment event. In return, within a specified period of time following the event, Narula's investment would be returned to him along with a portion of the proceeds generated by the event.

12. Subsequently, in May and June of 2017, Jackson propositioned and solicited Narula's participation in three (3) additional investment agreements (the parties to the first of

which were Jackson and Narula, and the parties to the latter two of which were Jackson, his entity, Hollywood, and Narula), all similar in intent and execution to that first referenced above, but with varying formulas for calculating the return on Narula's investment.

13. With respect to each of the four (4) agreements referenced above, Defendants met their obligations regarding the return of Narula's investments and payment of the various returns thereon.

14. Having thus gained Narula's trust, in late July and August 2017, Defendants propositioned and solicited Narula to enter into two (2) more investment agreements, by which Narula (in the case of the second such agreement, via his entity, Desert Eagle) invested the combined amount of $57,500 with Defendants. Per the formulas provided in the agreements, Plaintiffs were to be returned a total of $115,000, inclusive of their investments.

15. The first of the agreements referenced in paragraph 14 above, solicited by Defendants on or about July 31, 2017 and dated August 3, 2017, concerned three (3) events, to wit, an August 4, 2017 performance by the Isley Brothers; an August 18, 2017 performance by Patti LaBelle; and a September 22, 2017 performance by the Steve Miller Band, all taking place at Horseshoe Hammond Casino, located in Hammond, Indiana.

16. Payment due to Narula (including the return of his investment) under the August 3, 2017 agreement was to be made in installments on August 18, 2017, September 4, 2017, and October 2, 2017.

17. The second of the agreements referenced in paragraph 14 above, solicited by Defendants on or about August 22, 2017 and dated August 23, 2017, concerned two parties taking place on August 25 and 26, 2017, respectively, at the Tao and Planet Hollywood, respectively, each located in Las Vegas, Nevada.

18. Payment due to Narula (including the return of his investment) under the August 23, 2017 agreement was to be made by September 7, 2017.

19. Upon information and belief, each of the events referenced in the August 3, 2017 and August 23, 2017 investment agreements (hereinafter, collectively, the "Agreements") in fact occurred, and Defendants profited therefrom.

20. As of the date hereof, Defendants have made payment in the amount of $3,500 with respect to the Agreements, with a resulting outstanding amount due of $111,500.

21. Despite the fact that the deadlines to make payment under the Agreements have long since passed, Jackson has, to a limited extent, continued to contact Narula, always in bad faith. Among other examples, Jackson on one occasion claimed to have wired a $30,000 payment to Narula and sent a picture of a document allegedly confirming the same. The payment never arrived. On another occasion, Jackson taunted Narula by sending him alleged pictures of Jackson's online bank account balance, showing that he still held Plaintiffs' funds that he refused to return.

### FIRST COUNT
### Breach of Contract

22. Plaintiffs repeat and re-allege each and every allegation made above as if fully set forth herein.

23. Defendants breached the Agreements by failing to make payment to Plaintiffs.

24. As a result of Defendants' breaches, Plaintiffs have suffered damages.

### SECOND COUNT
### Breach of the Implied Covenant of Good Faith and Fair Dealing

25. Plaintiffs repeat and re-allege each and every allegation made above as if fully set forth herein.

26. Implied in the contractual relationship between Plaintiffs and Defendants described herein was an implied that no party would do anything having the effect of destroying or injuring the right of another party to receive the fruits of the Agreements.

27. In Defendants' actions described herein, Defendants acted in bad faith in their dealings with Plaintiffs.

28. Defendants' actions breached the implied covenant of good faith and fair dealing implicit in the Agreements with Plaintiffs.

29. As a result of Defendants' breaches, Plaintiffs have suffered damages.

### THIRD COUNT
### Conversion

30. Plaintiffs repeat and re-allege each and every allegation made above as if fully set forth herein.

31. As described herein, Plaintiffs intentionally have refused to return Plaintiffs' investments to them.

32. Plaintiffs have the right to possession of the funds invested with Defendants per the Agreements.

33. Defendants have, without authorization, refused to return Plaintiffs' investments and, upon information and belief, have utilized such investments for purposes for which Defendants were not authorized.

34. Defendants have converted Plaintiffs' investments, causing Plaintiffs to suffer damages.

### FOURTH COUNT
### Unjust Enrichment

35. Plaintiffs repeat and re-allege each and every allegation made above as if fully set

forth herein.

36. Defendants utilized Plaintiffs' investments per the Agreements to profit for Defendants' selves, despite never returning the investments or paying the return thereon to Plaintiffs.

37. Defendants, by way of the investments and profits thereon, unjustly enriched themselves as Plaintiffs' expense.

38. As a result of Defendants' actions, Plaintiffs have suffered damages.

## FIFTH COUNT
### Fraud

39. Plaintiffs repeat and re-allege each and every allegation made above as if fully set forth herein.

40. At the time that Defendants induced Plaintiffs to enter into the Agreements, Defendants knew that they had no intention of returning Plaintiffs' investments or making the payments required under the Agreements, and intended to use Plaintiffs' investments for unauthorized purposes.

41. Plaintiffs reasonably relied on Defendants' representations that their investments would be returned, that payments due under the Agreements would be made, and that Defendants only would use Plaintiffs' investments for their intended purposes.

42. As a result of Defendants' intentional misrepresentations, Plaintiffs suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

(a) An order directing specific performance of Defendants' obligations under the

agreements;

    (b)    An award of the amounts due to Plaintiffs under the Agreements as described herein, including, but not limited to, the return of Plaintiffs' investments;

    (c)    An award of punitive damages as a result of Defendants' willful and wanton conduct in defrauding Plaintiffs and converting their investments as described herein, along with Defendants subsequent bad faith conduct;

    (d)    An award of pre and post judgment interest;

    (e)    An award of Plaintiffs' attorneys' fees and costs incurred in prosecuting this action; and

    (f)    Such other relief as the Court may deem just and proper.

Mineola, New York
Dated: January 2, 2018

                                        WASCH & RITSON LLC

                                        Daniel C. Ritson, Esq. (DR7270)
                                        One Third Avenue, Suite 1126
                                        Mineola, NY 11501
                                        dritson@waschritson.com
                                        973.650.6245