FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 13 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JASJOT NARULA and DESERT EAGLE
PRODUCTIONS,

        Plaintiffs,

  -against-

MAURICE JACKSON and HOLLYWOOD
PRODUCTIONS,

        Defendants.
------------------------------------------------------------ x

ORDER

18-CV-0013 (ENV)(JO)

VITALIANO, D.J.

  Plaintiffs Jasjot Narula and Desert Eagle Productions filed this diversity action, on January 2, 2018, against defendants Maurice Jackson and Hollywood Productions, alleging breach of contract, conversion, unjust enrichment and fraud. Compl., Dkt. 1. On April 23, 2018, plaintiffs filed a motion for default judgment, which the Court referred to Magistrate Judge James Orenstein for report and recommendation. *See* Dkt. 10; May 1, 2018 Order. Judge Orenstein issued his Report and Recommendation on January 31, 2019 (the "R&R"). Dkt. 13. The R&R recommends that the motion be granted as to plaintiffs' first claim for breach of contract against Jackson but denied as to their other claims, and that default judgment be entered against Jackson in the total amount of $111,900, consisting of $111,500 in damages and $400 in costs.

  In the complaint, plaintiffs alleged that Narula had agreed to provide defendants $57,500 to finance certain entertainment events, pursuant to several written agreements. In exchange, defendants agreed to repay him that amount plus a portion of the proceeds from the events, for a

1

total of $115,000, by October 2, 2017. However, by that date, defendants had only paid Narula $3,500. Compl. ¶¶ 14-20.

Reviewing the motion for default judgment, Judge Orenstein determined that plaintiffs established liability on the breach of contract claim as to Jackson, but not as to Hollywood Productions, which "[did] not appear to be a corporate entity distinct from Jackson himself" and had not been properly served in this action. R&R at 4-5. As to the remaining claims, Judge Orenstein found that they were duplicative of the breach of contract claim or otherwise incompatible with plaintiffs' theory of liability, and that plaintiffs failed to plead fraud with particularity as required under Federal Rule of Civil Procedure 9(b). *Id.* at 6. Accordingly, he recommended the entry of judgment against Jackson on the first claim for breach of contract, for the sum certain alleged in the complaint plus the $400 filing fee in this District, and the dismissal of plaintiffs' remaining claims. *Id.* at 7-8.

Notice of time to object to the R&R was given, but no party has objected within the time to do so. R&R at 8; Aff. of Service, Dkt. 14.

## Discussion

Where no party has objected to a report and recommendation, clear-error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Having carefully reviewed the R&R in accordance with this standard, the Court finds it to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court.

## Conclusion

For the foregoing reasons, the R&R is adopted, in its entirety, as the opinion of the Court. Plaintiffs' motion for default judgment is granted in part and denied in part. The Clerk of Court is directed to enter judgment against Jackson in the amount of $111,900, consisting of $111,500 in damages and $400 in costs, and to close this case. Plaintiffs are directed to serve a copy of this Order on Jackson and file proof of service on the docket by March 26, 2019.

So Ordered.

Dated: Brooklyn, New York

March 12, 2019

s/Eric N. Vitaliano
_____
ERIC N. VITALIANO

United States District Judge